Inter-Local Pension Fund GCC/IBT v. General Electric Company

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of September, two thousand eleven.

PRESENT: DENNIS JACOBS,
$\qquad$ <u>Chief Judge</u>,
ROBERT A. KATZMANN,
DEBRA ANN LIVINGSTON,
$\qquad$ <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
INTER-LOCAL PENSION FUND GCC/IBT,
MACOMB COUNTY EMPLOYEES' RETIREMENT
SYSTEM,

$\qquad$ *Plaintiffs-Appellants*,

SUSAN W. COYNE, on behalf of herself and all others similarly situated, THOMAS A. COYNE, on behalf of himself and all others similarly situated, AMALYE CALVERT, on behalf of herself and all others similarly situated,

$\qquad$ *Plaintiffs,*

-v.- 10-3477

**GENERAL ELECTRIC COMPANY, JEFFREY R. IMMELT, KEITH S. SHERIN,**

*Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**    Susan K. Alexander (Andrew J. Brown, Brian O. O'Mara, Robbins Geller Rudman & Dowd LLP, San Diego, CA, on the brief) Robbins Geller Rudman & Dowd LLP San Francisco, CA

**FOR APPELLEES:**    Greg A. Danilow (Paul Dutka, Gregory Silbert, on the brief), Weil, Gotshal & Manges LLP New York, NY

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, J.) granting Appellees' motion to dismiss and dismissing Appellants' complaint.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED**.

Plaintiffs appeal from an order dismissing their securities fraud class action against the General Electric Company ("GE" or the "Company"), its Chief Executive Officer Jeffrey Immelt, and its Chief Financial Officer Keith Sherin under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc., 531 F.3d 190, 194 (2d Cir. 2008). We must "accept[] all factual allegations as true and draw[] all reasonable inferences in favor of the plaintiff." ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co., 553 F.3d 187, 196 (2d Cir. 2009). "To survive a

motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face." Id. (internal quotation marks omitted).

The complaint alleges violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). "[T]o state a claim under Rule 10b-5, a plaintiff must allege that, in connection with the purchase or sale of securities, the defendant made material misstatements or omissions of material fact, with scienter, and that the plaintiff's reliance on the defendant's actions caused injury to the plaintiff." Slayton v. Am. Express Co., 604 F.3d 758, 765 (2d Cir. 2010). Moreover, a complaint alleging a 10b-5 violation is subject to the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"), which requires, inter alia, that the complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). In determining whether a complaint adequately pleads scienter under the PSLRA, we must consider "plausible nonculpable explanations for the defendant's conduct" and a complaint "will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 324 (2007).

We conclude that the complaint does not plead facts giving rise to a strong inference of scienter. The required state of mind in a 10b-5 action is "an intent to deceive, manipulate or defraud." Ernst & Ernst v. Hochfelder, 425 U.S. 185, 191 n.7 (1976). Scienter can be established "either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). "[T]he absence of a motive allegation is not fatal," Tellabs, 551 U.S. at 325; but unless a complaint alleges facts supporting a motive to commit fraud, the

circumstantial evidence of scienter must be "correspondingly greater." ECA, 553 F.3d at 198-99.

The complaint pleads no facts to suggest that any of the Appellees had a motive to commit fraud. It is alleged that Appellees received performance-based compensation tied to the Company's stock price and that Appellee Immelt had underperformed relative to his predecessor, Jack Welch, and may have felt pressure to generate greater returns for shareholders. These allegations are legally insufficient to establish motive for scienter purposes. See id. at 198 ("Motives that are common to most corporate officers, such as the desire for the corporation to appear profitable and the desire to keep stock prices high to increase officer compensation, do not constitute 'motive' for purposes of this inquiry."). The complete absence of any motive to commit fraud on the part of Appellees is underscored by the fact that their alleged misstatements concerning the Company's quarterly earnings prospects were made no more than a few weeks before GE would inevitably be required to report its quarterly earnings to the market. "It is hard to see what benefits accrue from a short respite from an inevitable day of reckoning." Shields, 25 F.3d at 1130. The complaint simply does not allege any facts to suggest that Appellees "benefitted in a concrete and personal way from the purported fraud . . . ." Novak v. Kasaks, 216 F.3d 300, 311 (2d Cir. 2000).

Having failed to establish any cognizable motive to commit securities fraud, we conclude that Appellants' circumstantial evidence of fraud does not give rise to the strong inference of scienter required by the PSLRA. There are several vague and general averments that Appellees Immelt and Sherin had access to internal corporate documents and data during the class period, including real-time customer and sales information. Although a strong inference of scienter may arise when a complaint alleges that defendants "knew facts or had access to information suggesting that their public statements were not accurate," id. at 311, such an allegation must "specifically identify the reports or statements containing this information." Id. at 309. Appellants have not alleged any facts indicating that the content of the reports or data to which Appellees were privy was inconsistent with their statements in the

class period.  Appellants also argue scienter based on one post hoc statement by Appellee Sherin acknowledging that Appellees knew the Company faced risks in March of 2008. But Appellees' awareness of general unspecified market risk does not contradict any of their public statements about the Company's financial prospects.  Even if Appellee Sherin's statement is taken to refer to more particular risks to the Company's business operations, Appellants have failed to allege that Appellees were aware of those risks at the time of their public statements that month about the Company's financial prospects such that their statements were not "consistent with reasonably available data."  <u>Id.</u>  Sherin's statement therefore does not create the strong inference of scienter required by the PSLRA.  <u>See</u> <u>id</u>. at 308-09.  Because the complaint does not adequately plead scienter, it fails to state a plausible claim for relief based on a violation of Rule 10b-5.  Since the complaint does not allege a primary violation of the securities laws, it also fails to state a claim for control person liability under Section 20(a) of the Exchange Act.  <u>See</u> <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 108 (2d Cir. 2007).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK